UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

```
************************************
THOMAS E. PEREZ, SECRETARY OF LABOR,   *
United States Department of Labor,     *
                                       *
                 Plaintiff,            *
                                       *    CIVIL ACTION
           v.                          *
                                       *    FILE NO. 13-13114
S & K FULL SERVICE CLEANING, INC.      *
D/B/A/ S & K FULL SERVICE CLEANING,    *
S & K WASTE MANAGEMENT, INC.,          *
RONI LOPES AND SUMARA LOPES,           *
                                       *
                 Defendants.           *
                                       *
                                       *
************************************
```

## COMPLAINT

Plaintiff, brings this action to enjoin the Defendants from violating the provisions of Section 7, 11, 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended, (52 Stat. 1060, 29 U.S.C. 201), hereinafter called "the Act" and to recover unpaid wages and liquidated damages pursuant to the provisions of sections 15(a) (2) and 16(c) of the Act.

I

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act and by 28 U.S.C. Sec. 1345.

II

Defendant, S & K FULL SERVICE CLEANING, INC., D/B/A S & K FULL SERVICE CLEANING, is, and at all times hereinafter mentioned, was a corporation having an office and place of business located at 123 North Beacon Street, Brighton, MA 02135, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere in the operation of a janitorial cleaning company.

III

Defendant, S & K WASTE MANAGEMENT, INC., is, and at all times hereinafter mentioned, was a corporation having an office and place of business located at 123 North Beacon Street, Brighton, MA 02135, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business, and elsewhere in the operation of a waste management company.

IV

Defendant RONI LOPES, resides at 39 Lagrange Street, Chestnut Hill, MA 02467, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was president of the corporations and owner of the businesses referenced above and as such actively manages, supervises and directs the day to day business affairs and operations of said businesses, including hiring and firing employees and directing the activities and payment of employees. This Defendant has acted at all times material herein directly and indirectly in the interest of said businesses in relation to their employees and was and is therefore, an employer of said employees within the meaning of the Act.

V

Defendant SUMARA LOPES, resides at 39 Lagrange Street, Chestnut Hill, MA 02467, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was vice president and Secretary of S and K Full Service Cleaning, Inc. and owner of the businesses referenced above and as such actively manages, supervises and directs the day to day business affairs and operations of said businesses, including hiring and firing employees and directing the activities and payment of employees. This Defendant has acted at all times material herein directly and indirectly in the interest of said businesses in relation to their employees and was and is therefore, an employer of said employees within the meaning of the Act.

VI

Defendants are, and at all times hereinafter mentioned were, engaged in related activities performed through unified operation or common control for a common business, and they are, and at all times hereinafter mentioned were an enterprise within the meaning of Section 3(r) of the Act.

VII

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). Therefore, the said employees have

been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act.

## VIII

Defendants have repeatedly violated and are violating the provisions of section 7 and 15(a)(2) of the Act by employing approximately eighteen (18) employees, performing janitorial services for workweeks longer than forty (40) hours, without compensating them for their employment in excess of forty (40) hours in said workweeks, at rates not less than one and one-half times the regular rate at which they were employed.

## IX

Defendants have repeatedly violated and are violating the provisions of sections 11(c) and 15(a)(5) of the Act in that the defendants failed to make, keep and preserve adequate and accurate records of employees' wages, hours, and other conditions and practices of employment as prescribed by regulations duly issued pursuant to authority granted in the Act and found in 29 CFR 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to many employees and the regular rates at which they were employed.

## X

During the period since July 4, 2011 Defendants have repeatedly violated and are violating the aforesaid provisions of the Act as alleged, and a judgment enjoining such violations is expressly authorized by Section 17 of the Act.

XI

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendants, their agents, servants, employees and those persons in active concert or participation with them, or acting in their interest and behalf, from violating Sections 7, 11, 15(a)(2), and 15(a)(5) of the Act and for such other and further relief as may be necessary or appropriate, including the restraint of any withholding of payment of overtime compensation found by the Court to be due employees under the Act.

XII

During the period since July 4, 2011, Defendants have repeatedly violated and are violating the aforesaid provisions of the Act. An award of actual and liquidated damages is specifically authorized by Section 16(c) of the Act.

XIII

WHEREFORE, cause having been shown, Plaintiff prays judgment ordering payment of unpaid wages found by the Court to be due employees listed in the attached Exhibit A, plus an equal amount as liquidated damages and costs.

Post Office Address:
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building - Room E-375
Boston, Massachusetts 02203
TEL: (617) 565-2500
FAX: (617) 565-2142

M. Patricia Smith
Solicitor of Labor

Michael D. Felsen
Regional Solicitor

/s/ Susan G. Salzberg
Attorney for Plaintiff
BBO No. 556437